UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| TRUMAN EVANS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 0:17-CV-67-DLB-REW ) |
| AARON SMITH, Warden, | ) RECOMMENDED DISPOSITION ) ) |
| Respondent. | ) |

\* \* \* \* \* \* \* \* \* \*

On June 16, 2017, Petitioner, Truman Evans, through counsel, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. DE #1 (Petition). The Court conducted an initial review of the filing and perceived the petition to be untimely. DE #3 (Order). The Court thus directed briefing on timeliness and equitable tolling (if applicable). *Id.* Each side responded. DE ##5 (Evans Response); 8 (Warden Response, seeking timeliness-based dismissal). Having reviewed the entire record under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred petition (DE #1) **WITH PREJUDICE** and **DENY** a certificate of appealability.

I.   **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects section § 2254 petitions to a one-year limitation period. 28 U.S.C. § 2244(d). Specifically, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* Here, Evans states that the date of his underlying judgment is July 1, 2003, and that the trial court sentenced him on August 28, 2003. DE #1, at 1; *see also* DE #1-6, at 12 (case history indicating an 8/28/03 judgment). Evans appealed, and the Kentucky Supreme Court affirmed on October 21, 2004. *See Evans v. Commonwealth*, No. 2003-SC-759-MR, 2004 WL 2364876 (Ky. Oct. 21, 2004). The record reflects, DE #1, at 3, and the Court's research revealed no petition to the United States Supreme Court for a writ of certiorari. Evans's judgment thus became final upon passage of the 90-day window to so petition—here, on January 19, 2005. *See* Sup. Ct. R. 13(1), (3); *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("[A] conviction becomes final when 'the time for filing a certiorari petition expires.'").

One thousand and two days (close to three years) then passed until Evans filed an RCr 11.42 post-conviction relief motion on October 18, 2007. *See* DE ##5, at 4; 1, at 3;

1-6, at 14 (case history indicating no activity between the Kentucky Supreme Court's 2004 affirmance and Evans's 2007 11.42 filing); *Evans v. Commonwealth*, No. 2008-CA-1719-MR, 2010 WL 135116, at *1 (Ky. Ct. App. Jan. 15, 2010). The trial court denied the motion on August 28, 2008, and Evans appealed. The Kentucky Court of Appeals affirmed the denial on January 15, 2010, and the Kentucky Supreme Court denied discretionary review on December 10, 2010. *See id.*[1]

Thus, at an absolute minimum, 1,002 days (well more than 1 year) ticked off Evans's AEDPA clock between judgment finality and RCr 11.42 filing, rendering the current petition untimely. Per this clear and essentially unchallenged[2] timeliness analysis, the statute of limitations bars Evans's claims. Simply put, Evans did not file timely under AEDPA.[3]

---

[1] Evans states that he "is somewhat perplexed of [sic] the Court's historical review of the post conviction [sic] procedures," DE #5, at 3, but his own proffered timeline jibes with the Court's. The Court sees no reason for perplexion. Evans's ultimate argument that the applicable finality date should be February 16, 2016, *see id.* at 5, is wrong, and flatly so, for the reasons discussed above and in DE #3, and because the April 2013 CR 60.02 filing could not, and did not, restart or revive his AEDPA clock, which had already long since expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

[2] Most of Evans's rejoinders in DE #5 center on the theme that the AEDPA "is an unconstitutional violation of the Suspension Clause." DE #5, at 2. That argument is simply incorrect. *Felker v. Turpin*, 116 S. Ct. 2333, 2335 (1996); *Byrd v. Trombley*, 580 F. Supp. 2d 542, 553-54 (E.D. Mich. 2008) (citing cases). The Court thus declines Evans's halfhearted urging to "step outside the statute of limitations in" this case. DE #5, at 3; *see also id.* at 5 (Evans conceding that operation of "the statute of limitations" here "effectively . . . denies habeas relief").

[3] In DE #5, Evans also repeatedly, inexplicably, and sans authority invokes "the Savings Clause." Section 2254, unlike § 2255, has no Savings Clause. *See, e.g.*, *Whatley v. Davenport*, No. 3:11-CV-524-TMH, 2014 WL 1153733, at *6 (M.D. Ala. Mar. 20, 2014). "Because Petitioner is in state, not federal, custody he cannot invoke the savings clause set forth in § 2255." *Salerno v. Michigan*, No. 1:05-CV-344, 2007 WL 1120394, at *6 (W.D. Mich. Apr. 13, 2007) (citing cases); *see also Whatley*, 2014 WL 1153733, at *6.

## II.    Equitable Tolling

Evans also unsuccessfully bids for equitable tolling. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has succinctly stated the contours of the doctrine of equitable tolling:

> '[E]quitable tolling relief should only be granted sparingly.' *Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002)). 'The party seeking equitable tolling bears the burden of proving he is entitled to it.' *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010). Ordinarily, a petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' *Holland v. Florida,* 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 418, 125 S. Ct. 1807 (2005)); see also *Hall v. Warden,* 662 F.3d 745, 749-50 (6th Cir. 2011) (same).

*Freeman v. Trombley*, 483 F. App'x 51, 55 (6th Cir. 2012). The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

On this record and under the prevailing standards, the doctrine of equitable tolling clearly does not apply to save Evans's untimely petition. Evans cursorily asserts but one potential—and factless—ground for tolling: that he "has been diligent in pursuing this petition." DE #5, at 5. This argument—again, Evans's sole equitable tolling basis—first, completely ignores the additional and mandatory "extraordinary circumstance" prong of the *Holland* test, and, second, is wholly unconvincing. Thus, Petitioner's own stated

4

timeline shows vast gaps—years at a time—of no Evans action. DE #5, at 4 (confessing no action between November 2004 and October 2007, as well as an additional lengthy gap between 11.42 and 60.02 filings); *see also* DE #8 (Warden arguing that the case "lay dormant for over two years" prior to a 60.02 filing). Such extended periods of Evans biding his time conclusively demonstrate case languor, not diligence. His merits arguments, further, all relate to trial events and procedures, circumstances he experienced and thus knew about. Evans did not timely file, and nothing but his own chosen course of conduct caused that result. Petitioner does not demonstrate diligent rights pursuit or show any extraordinary obstacle to timely filing. The tolling burden is Evans's, and he wholly fails to carry it.

### III. Conclusion

For the reasons stated, the Court **RECOMMENDS** that the District Judge **DISMISS** the time-barred petition (DE #1) **WITH PREJUDICE** and **DENY** a certificate of appealability.[4]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection

---

[4] No certificate of appealability should issue because the timeliness result is not, on this record, fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of August, 2017.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge