UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 17-67-DLB-REW

TRUMAN EVANS                                                                  PETITIONER

vs.             **ORDER ADOPTING RECOMMENDED DISPOSITION**

AARON SMITH, WARDEN                                    RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court on Truman Evans' petition for a writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. # 1). Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for the purpose of reviewing the petition and preparing a Report and Recommendation. On August 25, 2017, Judge Wier issued his Recommended Disposition (Doc. # 9) whereby he recommends that Evan's petition be denied. Evans having filed objections to the Recommended Disposition (Doc. # 10), both are ripe for review. For the reasons set forth herein, Evans' objections (Doc. # 10, are **overruled** and the Recommended Disposition (Doc. # 9) is **adopted** as the Opinion of the Court.

## II. ANALYSIS

### A. Standard of Review

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review

1

under a *de novo*, or any other, standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017).

An objection that does "nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2106 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011)); s*ee also Shabazz-el-Bey v. Daley*, No. 2:115-cv-173-DLB, 2016 WL 7217633, at *1 (E.D. Ky. Dec. 13, 2016). Thus, "objections that merely restate arguments in the memoranda considered by the Magistrate Judge are not proper, and the court may consider such repetitive arguments waived." *Holl*, 2011 WL 4337038 at *1. Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464 at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

**B.     Background**

Evans' § 2254 petition raises one argument:

[H]is constitutional right to a unanimous verdict was violated because at trial, the victim testified to multiple indistinguishable instances of sexual abuse and multiple indistinguishable instances of sodomy as having occurred during the relevant time period, and so there is no assurance that each of the jurors were focused upon the same occurrence when they cast

2

their respective guilty votes.

Upon review of the date of Evans' conviction and subsequent history, noting that almost three (3) years had elapsed between when his court judgment became final and Evans began attempting to collaterally attack the matter in Kentucky state court, Judge Wier ordered Evans to show cause why his petition should not be dismissed. (Doc. # 3). Judge Wier also noted that, based upon the record in front of him, equitable tolling would not apply. *Id.* at 4. Evans filed a motion arguing that that he should be afforded equitable tolling. (Doc. # 5). The United States responded, (Doc. # 8), and on August 25, 2017, Judge Wier issued his Recommended Disposition. (Doc. # 9).

Evans timely raised four specific objections to Judge Wier's recommendation on equitable tolling, arguing that Judge Wier erred in: (1) disregarding the merits of Evans' claim; (2) finding that Evans had not diligently pursued his claim; (3) finding that Evans' "inactivity of a little more than three years automatically denies a finding of equitable tolling"; and (4) recommending that no certificate of appealability should issue. (Doc. # 10 at 3-4).

### C. Equitable Tolling is not applicable to this Petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one year statute of limitations for filing § 2254 motions. 28 U.S.C. §§ 2254 and 2244(d). In his Recommended Disposition, Judge Wier found that Evans' Judgment was affirmed by the Supreme Court of Kentucky on October 21, 2004, and became final on January 19, 2005. (Doc. # 9 at 2). He had one year from that date to file his § 2254 motion; instead, he waited almost three years—until October 18, 2007—to file a state-court post-conviction relief motion. *Id.* After the Supreme Court of Kentucky denied his request to

3

review the Court of Appeals of Kentucky's decision affirming denial of his motion for post-conviction relief, *id.* at 3, Evans continued to file motions in the Kentucky state courts. (Doc. # 5 at 4).

The Sixth Circuit is clear that AEDPA's statute of limitations begins to run the day after a conviction becomes final. *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004). And although the filing of state-court post-conviction relief motions may toll the statute of limitations, it does not restart the clock. *Id.* at 401 (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)). Thus, Evans failed to file his petition within the one-year statute of limitations that began on January 19, 2005, and was neither tolled nor restarted by his filing of a state-court post-conviction motion.

Under most circumstances, a petitioner who does not satisfy the one-year statute-of-limitations imposed by AEDPA is barred from any relief under the statute; however, the doctrine of equitable tolling gives a court "authority to excuse late-filed habeas claims in appropriate circumstances." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). It is Evans' burden to prove that he is entitled to this doctrine, and in order to meet that burden, he must show, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Freeman v. Trombley*, 483 F. App'x 51, 55 (6th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotations and citation omitted).

Evans' first objection is that Judge Wier disregarded the merits of his claim. (Doc. # 10 at 3). But the equitable-tolling analysis does not consider the merits of the underlying claim, instead focusing on whether "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v.*

*Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). In this case, Evans has provided no facts in support of why his failure to abide by the "legally-mandated deadline" should be overlooked. This objection is overruled.

Evans' second objection argues that Judge Wier erred in finding that he was not diligent. (Doc. # 10 at 4). In support of his argument that he was diligent "in pursuing this petition," Evans discusses state-court post-conviction actions he filed in 2007, 2010, 2013, and later. *Id.* at 4-5. But just as the finality of a state-court post-conviction proceeding does not restart AEDPA's one-year statute of limitations, *Robertson*, 624 F.3d at 783, actively engaging in such state-court proceedings that commence after the one-year statute of limitations has already run will not show diligence under the equitable-tolling analysis. This objection is overruled.

In his third objection, Evans argues that Judge Wier erred in finding that Evans' "inactivity of a little more than three years automatically denies a finding of equitable tolling." (Doc. # 10 at 4). The Court is hard-pressed to find this "automatic denial" in Judge Wier's analysis. Rather, Judge Wier points out that Evans' only argument about his diligence is to state that he had been diligent, that Evans' "own timeline shows vast gaps—years at a time—of no [] action," and that such "extended periods of Evans biding his time conclusively demonstrate case languor, not diligence." (Doc. # 9 at 4-5). As Judge Wier states, the "tolling burden is [Evans']." *Id.* at 5. This objection is overruled.

Finally, Evans objects to Judge Wier's recommendation that no certificate of appealability should issue. (Doc. # 10 at 4). Under 28 U.S.C. § 2253(c)(2), a "certificate

5

of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In determining whether a certificate of appealability should issue upon dismissing a petition on procedural grounds, the Court must consider both the underlying constitutional claims and the procedural holding. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court is "allow[ed] and encourage[d] to … first resolve procedural issues." *Id*. at 485. Thus, the key question is whether "jurists of reason could conclude that the [Court's] dismissal on procedural grounds was debatable or incorrect." *Id*. Evans does not address this issue, instead reverting to his argument that the jury instructions in his trial denied him his constitutional right. (Doc. # 10 at 4-6). This does not address the recommendation that the petition be dismissed on procedural grounds. Thus, this objection is also overruled.

The Court finds Evans' objections unpersuasive. Judge Wier did not err in finding that Evans did not meet his burden of proving he was entitled to equitable tolling.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Evans' Objection to the Magistrate Judge's Recommended Disposition (Doc. # 10) is hereby **OVERRULED**;

(2) The Magistrate Judge's Recommended Disposition (Doc. # 9) is **ADOPTED** as indicated herein;

(3) For reasons set forth in the Magistrate Judge's Recommended Disposition (Doc. # 9), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(4) A Judgment in favor of Respondent Aaron Smith will be entered contemporaneously herewith.

This 25th day of January, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Ashland Civil\2017\17-67 Order adopting R&R re 2254.docx